23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Teddy G. RUSSELL, Petitioner-Appellant,
v.
Michael J. O'DEA, III, Warden; Attorney General of
Kentucky, Respondents-Appellees.
 No. 93-6619.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 Teddy G. Russell, a pro se Kentucky prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1987, a jury convicted Russell of first degree sexual abuse, first degree rape, third degree sodomy, sexual misconduct, and incest. He was sentenced to twenty years of imprisonment. In his direct appeal, Russell, through counsel, argued that he was denied his right to due process of law when the prosecution urged the jury to regard the indictment as evidence. The Kentucky Supreme Court found the argument to be meritless.
 
 
 4
 Russell then filed a pro se motion with the Kentucky Supreme Court requesting that his direct appeal be reinstated and for leave to file a belated appeal. In his motion, Russell argued that the trial court erred in overruling his motion for a directed verdict and in failing to declare a mistrial when the jury was unable to reach a verdict. The Kentucky Supreme Court denied the motion noting that because Russell had filed a previous appeal which had been decided adversely to him, his motion to reinstate his direct appeal was improper.
 
 
 5
 Russell then filed a motion for relief pursuant to Ky.R.Crim.P. 11.42 with the trial court. The trial court denied the motion. On appeal to the Kentucky Court of Appeals, Russell argued that his trial counsel had rendered ineffective assistance: (1) for failing to conduct a reasonable pretrial investigation and failing to object to the prosecution's motion in limine; (2) for failing to conduct a reasonable jury selection in voir dire; (3) for failing to investigate allegations that a police officer coerced the victim's testimony; (4) for failing to attack the competency of witness Betty Kinman; (5) for failing to conduct a sufficient cross-examination of the victim; (6) for failing to understand the basic elements of evidence that resulted in the striking of testimony from several favorable witnesses; (7) for failing to object and moving to strike erroneous and prejudicial statements made during the prosecution's closing argument; (8) for failing to move for a mistrial when the jury could not reach a verdict; and (9) for failing to object to the jury instructions. The Kentucky Court of Appeals found the claims meritless and affirmed the conviction. Russell did not file a motion for discretionary review with the Kentucky Supreme Court.
 
 
 6
 Russell then filed a petition for habeas relief contending that the trial court erred when it failed: (1) to sustain a motion for a directed verdict; and (2) to declare a mistrial when the jury advised the trial court that it was unable to reach a verdict. Russell also argued that his counsel was ineffective for the nine reasons that he raised in his Rule 11.42 proceedings. The magistrate judge recommended that the petition be dismissed. In his timely objections, Russell only objected to the magistrate judge's conclusions as to the directed verdict and mistrial issues. Russell did not object to the magistrate judge's discussion of his ineffective counsel claims. Upon de novo review, the district court adopted the magistrate judge's recommendation and dismissed the petition as meritless.
 
 
 7
 In his timely appeal, Russell continues to argue the merits of his petition and asserts that the district court erred in concluding that most of his arguments were not reviewable due to a procedural default. He requests oral argument.
 
 
 8
 Upon review, we conclude that the district court's order should be affirmed because Russell has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 9
 Russell's directed verdict and mistrial issues are not reviewable. Because Russell was procedurally barred from raising these issues in the Kentucky appellate courts, he must show cause and prejudice to excuse his default. Coleman v. Thompson, 111 S.Ct. 2546, 2553-54 (1991). Russell has not satisfied his burden, nor has he established a colorable showing of factual innocence to excuse the cause and prejudice requirement. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Finally, Russell's ineffective assistance of counsel arguments are not reviewable on appeal because Russell did not object to the magistrate judge's recommendation as to these issues. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991).
 
 
 10
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation